# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BECKY W. KARIUKI,

    Plaintiff,

vs.

DOUGLAS NISSAN, et al.,

    Defendants.

Case No. 2:10-cv-01521-RLH-PAL

**ORDER**

(IFP App - Dkt. #1)

  Plaintiff Becky Kariuki is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on September 7, 2010. Previously, the court reviewed Plaintiff's Application and found it was incomplete and directed her to file a completed application. Plaintiff complied. This proceeding was referred to this court by Local Rule IB 1-9.

**I.** *In Forma Pauperis* **Application**

  Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.** **Screening the Complaint**

  Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint attempts to invoke the court's jurisdiction under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Plaintiff's Complaint does not allege that any Constitutional right was violated, nor does it name any state actor as a Defendant. Therefore, Plaintiff has not stated a claim under section 1983, and it will be dismissed, with leave to amend.

Plaintiff's Complaint alleges that she was employed by Defendant Douglas Nissan of Henderson as a customer service representative beginning in January 2006. In August 2006, she was promoted to customer service manager. Plaintiff alleges that she was treated differently than her male predecessor

because she did not receive any of the perks he did while employed in the same position, including a company-issued credit card for gasoline, a company car, higher pay, known opportunities to increase compensation, and a scheduled day off work each week. She also alleges that during the first month of her promotion, she was not paid a salary commensurate with her new title although she accumulated more work hours. She alleges that her supervisors John Kelly, Kathy Persek, Melvin Anderson, and Shazzad Latif conspired to withhold opportunities for higher pay and company bonuses from her and misclassified her job title to pay her a lower salary.

Plaintiff alleges that she filed internal grievances at both the regional and national level regarding this alleged discrimination in August and September 2007, respectively, as well as a formal complaint with the United States Equal Employment Opportunity Commission ("EEOC") on May 22, 2008, and the Nevada Equal Rights Commission ("NERC") on June 27, 2008.

Plaintiff states that on August 1, 2008, Douglas Nissan of Henderson sold the dealership to Henderson Nissan of Henderson, and the new owners retained her in her position as customer service manager. Plaintiff alleges that in September 2008, her salary was arbitrarily reduced to $12 per hour plus overtime. She was eventually terminated from Henderson Nissan on October 15, 2008. Plaintiff alleges she was terminated in retaliation for filing her various grievances and complaints with regional and national Nissan, the EEOC, and the NERC, and that Henderson Nissan withheld her unemployment benefits as punishment for filing the grievances and complaints.

Plaintiff's Complaint states a claim under the Equal Pay Act, 29 U.S.C. § 206(d), which provides that employers must pay men and women equal rates for equal work. Plaintiff alleges she was paid less than her male counterpart for the same work. Accordingly, she has stated a claim under the Equal Pay Act against Defendant Douglas Nissan.

It also appears Plaintiff is attempting to state a claim for discrimination and retaliation under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e *et seq.* Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted both state and Equal Employment Opportunity Commission (EEOC) administrative procedures. Once plaintiff files charges with the EEOC, the EEOC will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the

Attorney General if the charges are against a state or local governmental entity. *Id*. If the EEOC or Attorney General decides not to sue, and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter, and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, Plaintiff alleges that the EEOC closed her charge on June 10, 2010. Thus, it appears Plaintiff has exhausted her administrative remedies against Defendant Douglas Nissan.

In order to prove a *prima facie* case of discrimination in violation of Title VII, Plaintiff must establish: (a) she belonged to a protected; (b) she was qualified for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (*citing Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Under Title VII, where an employee opposes an unlawful practice, he or she has engaged in a protected activity. *See* 42 U.S.C. § 2000e-3(e). Here, Plaintiff alleges she was treated differently than her male coworkers. The court finds that Plaintiff has stated a claim for discrimination under Title VII against Defendant Douglas Nissan.

To prove a *prima facie* case of retaliation in violation of Title VII, Plaintiff must establish: (1) that he or she committed a protected act, such as complaining about discriminatory practices; (2) that the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008). Here, Plaintiff alleges she was terminated because she filed grievances with the regional and national levels of Nissan and also filed charges of discrimination with the EEOC and the NERC. Plaintiff has stated a retaliation claim; however, she has not named Henderson Nissan of Henderson–the entity who terminated her employment–as a Defendant. Additionally, Plaintiff has not alleged that she has exhausted her administrative remedies against Henderson Nissan. Plaintiff's retaliation claim will be dismissed, with leave to amend.

Furthermore, Plaintiff's Complaint names her supervisors John Kelly, Kathy Persek, Melvin Anderson, and Shazzad Latif as Defendants. However, the Ninth Circuit has held that a Plaintiff may

not maintain a Title VII action against individuals.  *See, e.g., Miller v. Maxwell's International*, 991 F.2d 583, 587 (9th Cir. 1993), *cert. denied,* 114 S.Ct. 1049 (1994) (rejecting individual supervisory liability under Title VII); *Walsh v. Nevada Dept. of Human Resouces*, 471 F.3d 1033, 1038 (9th Cir. 2006) (no individual supervisory liability under ADA).  Thus, Plaintiff's claims against the individual Defendants will be dismissed, with leave to amend.

Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant Douglas Nissan, and deliver the same to the U.S. Marshal for service.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address

for said defendant, or whether some other manner of service should be attempted. Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

4. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

5. Plaintiff's retaliation claim is dismissed, with leave to amend. Plaintiff shall have until **April 1, 2011,** to file her Amended Complaint, if she believes she can correct the noted deficiencies.

6. Plaintiff's claim under 42 U.S.C. § 1983 is dismissed, with leave to amend. Plaintiff shall have until **April 1, 2011,** to file her Amended Complaint, if she believes she can correct the noted deficiencies.

7. Plaintiff's claims against individual Defendants John Kelly, Kathy Persek, Melvin Anderson, and Shazzad Latif are dismissed, with leave to amend. Plaintiff shall have until **April 1, 2011,** to file her Amended Complaint, if she believes she can correct the noted deficiencies.

Dated this 1st day of March, 2011.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE